UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HATCHETT,<br><br>    Petitioner,<br><br>vs.<br><br>DARIN YOUNG and<br>MARTY JACKLEY, Attorney General,<br>State of South Dakota,<br><br>    Respondents. | 5:14-CV-05065-JLV<br><br>ORDER FOR BRIEFS |

**PROCEDURAL BACKGROUND**

  Petitioner Christopher Hatchett filed the pending pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 8, 2014.  Docket 1.  On November 12, 2014, a Report and Recommendation was filed recommending the petition be dismissed without prejudice for petitioner's failure to exhaust his state court remedies.   Specifically, Mr. Hatchett had not sought a certificate of probable cause from the South Dakota Supreme Court.  Before the district court ruled on this court's recommendation, Petitioner filed a motion for certificate of probable cause with the South Dakota Supreme Court on December 29, 2014.  The South Dakota Supreme Court dismissed the motion on January 7, 2015.  Docket 13-1.

  Thereafter, on May 14, 2015, the Honorable Jeffrey L. Viken, Chief Judge, found Petitioner exhausted his state remedies as of the date of the

South Dakota Supreme Court order. The district court then remanded this case to this magistrate judge for a determination as to whether the petition for writ of habeas corpus is timely pursuant to 28 U.S.C. § 2244(d)(1) and for further appropriate proceedings. Docket 14.

## DISCUSSION

**A.     AEDPA Statute of Limitations**

The AEDPA contains a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)     (1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. *See* 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id. State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

3

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The Court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.[1] Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

---

[1] The Day Court did not displace the district court's duty pursuant to Rule 4, to screen and dismiss, if indicated, a petition that is clearly barred by the AEDPA statute of limitations. Day, 547 U.S. at 207-10.

4

B.      **Procedural Default**

"A district court need not consider the merits of a procedurally defaulted claim." Van Denton v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) (citations omitted). "Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. However, if a habeas petitioner can establish actual innocence, a court may analyze the merits of a procedurally defaulted claim." Dandridge v. Lockhart, 36 F.3d 773, 774 (8th Cir. 1994) (citations omitted, internal punctuation altered).

The United States Supreme Court has explained that the federal courts should not review a question of federal law decided by a state court if the decision of that court rests on state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729, (1991). "This rule applies whether the state law ground is substantive or procedural." Coleman, 501 U.S. at 729.

> We have applied the independent and adequate state ground doctrine not only in our review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.

Coleman, 501 U.S. at 729-30. The Court also explained the relationship between the requirement for exhaustion of state remedies pursuant to 28 U.S.C. § 2254(b) and state procedural default:

> When the independent and adequate state ground supporting a habeas petitioner's custody is state procedural default, an additional concern comes into play. This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. . . The exhaustion principle is designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings. . . . federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the matter, have had an opportunity to pass on the matter.
>
> These same concerns apply to federal claims that have been procedurally defaulted in state court. Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Coleman, 501 U.S. at 731-32.

The South Dakota Supreme Court did not have the opportunity to decide the merits (or lack thereof) of Mr. Hatchett's habeas corpus petition because he failed to follow the procedural rules for presenting it to them. "The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted. If the last state court to be presented with a particular federal claim reaches the merits, it

6

removes any bar that might otherwise have been available." Clemons v. Leubbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

Because the last reasoned state court opinion dealing with each of Mr. Hatchett's habeas claims did not address their merits but rejected them on procedural grounds, this Court is precluded from reviewing them. See e.g. Weigers v.Weber, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002 (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota 'one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process–and thus his claims were procedurally defaulted).

A state procedural default bars federal habeas review unless the petitioner can demonstrate "cause" for the default *and* actual prejudice as a result of the violation of federal law. Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added). If no "cause" is found, the court need not consider whether actual prejudice occurred. Id. at 985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted). The Eighth Circuit has long held, however, that "*pro se* status and lack of familiarity with the intricacies of the law cannot alone constitute cause." McKinnon v. Lockhart, 921 F.2d 830, 832, fn. 5 (8th Cir. 1990); Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir. 1989). See also Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (petitioner's *pro se* status and ignorance of the law and procedural requirements insufficient to establish cause to excuse procedural default); Hume v. McKune, 176 F.Supp.2d 1134, 1144, fn. 6 (D. Kansas 2001)

7

(petitioner's *pro se* status and assumed lack of formal legal education may not serve as cause for procedural default).

A narrow exception to the cause and prejudice standard exists where the petitioner can "demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 749. To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 321, (1995). A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997). In Weeks, the Eighth Circuit emphasized that *allegations* of evidence to support a claim of actual innocence are insufficient.

> Adoption of a rule that would allow a waiver of a state procedural default based on mere allegations of actual innocence is not only contrary to the express language of *Schlup*, 513 U.S. at 324, 115 S.Ct. At 865 ('new reliable evidence"), but also runs counter to the spirit and purpose of the actual innocence gateway. Allowing a creative prisoner to overcome his state procedural default with well drafted allegations of evidence would make a mockery of the Supreme Court's concern for finality, comity and judicial economy that underlies the limited scope of the actual innocence exception.
>
> . . .[Petitioner's] bare, conclusory assertion that he is actually innocent is not sufficient to invoke the exception. Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted claims.

Weeks, 119 F.3d at 1353.

## CONCLUSION and ORDER

With the above general principles in mind, IT IS ORDERED:

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, a copy of Hatchett's petition and this Order;

(2) On or before July 15, 2015, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Hatchett's federal habeas petition, filed October 8, 2014, should not be dismissed as procedurally defaulted and/or as untimely pursuant to 28 U.S.C. § 2244(d)(1).

DATED this 1st day of June, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge